**UNITED STATES of America**

v.

**Domingo REXACH, Defendant.**

**No. 88 Cr. 0531 (KMW).**

United States District Court,
S.D. New York.

June 6, 1989.

---

Thomas McC. Souther, Asst. U.S. Atty., and Benito Romano, U.S. Atty., New York City, for plaintiff.

David Levitt, Legal Aid Soc., New York City, for defendant.

## AMENDED OPINION

KIMBA M. WOOD, District Judge.

On October 7, 1988, defendant Domingo Rexach (hereinafter "Mr. Rexach") entered into a plea agreement with the United States Attorney's Office (hereinafter the "prosecutor") and pleaded guilty before this Court that same day. Mr. Rexach moves for an Order (1) directing specific performance by the prosecutor of the cooperation agreement, (2) holding § 5K1.1 of the Sentencing Guidelines and Title 18, United States Code, § 3553(e) unconstitutional, or (3) holding the sentencing guidelines unconstitutional as violative of due process. For the reasons set forth below, the motion is denied.

### FACTS

Mr. Rexach was arrested on July 19, 1988, after selling three vials of cocaine to an undercover officer within 1,000 feet of a public elementary school in the Bronx. Mr. Rexach entered into a plea agreement with the prosecutor on October 7, 1988. Pursuant to that agreement, Mr. Rexach pleaded guilty that same day to Count One of Criminal Indictment 88 Cr. 531(KMW), which charged him with violating Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C) and 845a(a). That charge, distributing cocaine within 1,000 feet of a public school (a "schoolhouse count"), carries a maximum term of 40 years' imprisonment, a minimum term of not less than one year's imprisonment, a maximum fine of $2,000,000, a $50 special assessment, and a term of supervised release of at least 6 years. As part of the agreement, the prosecutor agreed to drop Count Two of the Indictment, which charged Mr. Rexach with possession of cocaine, if Mr. Rexach fully complied with the provisions of the agreement. In addition, the agreement provides:

... if it is determined by this Office that Domingo Rexach has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, this Office will file a motion (a) pursuant to Title 18, United States Code, Section

3553(e) so that the sentencing Judge shall have the authority to impose a sentence below a level established by statute as a minimum sentence, and (b) pursuant to Section 5K1.1 of the Sentencing Guidelines issued by the United States Sentencing Commission on April 13, 1987, and reissued in identical terms in October 1987, advising the sentencing Judge of all relevant facts pertaining to that determination and requesting the Court to sentence Domingo Rexach in light of the factors set forth in Section 5K1.1(a)(1)–(5)....

## DISCUSSION

### A. SPECIFIC ENFORCEMENT OF THE PLEA AGREEMENT

Mr. Rexach argues that this Court should specifically enforce the plea agreement he made with the prosecutor. *See, Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *United States v. Brody*, 808 F.2d 944 (2d Cir.1986) (remedy for breach of plea agreement is specific enforcement of agreement or permission to withdraw guilty plea). He claims that he has provided "substantial assistance" to the prosecutor and thus that this Court should order the Government to move for imposition of a sentence below the statutory minimum and below the guideline range, pursuant to 18 U.S.C. § 3553(e) and § 5K1.1 of the Guidelines.

▆ In enforcing a plea agreement, a court must apply traditional contract principles, looking to the terms of the agreement. *United States v. Carbone*, 739 F.2d 45, 46 (2d Cir.1984) (the Court should look to "what the parties to this plea agreement reasonably understood to be the terms of the agreement"). Where, as here, the agreement is a fully integrated agreement, the Court may not supplement the agreement with unmentioned terms. *United States v. Fentress*, 792 F.2d 461, 464 (4th Cir.1986).

▆ Here, the agreement itself places the sole responsibility and discretion for determining what constitutes "substantial assistance" on the prosecutor, not on this Court.[1] In specifically enforcing the portion of the agreement in question, the Court's role is limited to deciding whether the prosecutor has made its determination as to Mr. Rexach's cooperation in good faith.[2] If the prosecutor has acted in good faith (and there is no allegation here that the prosecutor has not),[3] the prosecutor has not breached the agreement and the Court's role is at an end. Accordingly, Mr. Rexach's motion for an Order directing the prosecutor to move pursuant 18 U.S.C. § 3553(e) and § 5K1.1 of the Sentencing Guidelines is denied.

### B. THE CONSTITUTIONALITY OF 18 U.S.C. § 3553(e) AND § 5K1.1

▆ Both parties agree that 18 U.S.C. § 3553(e) and § 5K1.1 of the Sentencing Guidelines place the sole power of allowing a Court to sentence a defendant below a guideline range or a statutory minimum in the hands of the prosecutor, when such a sentence is based on the substantial assistance of the defendant. Mr. Rexach claims that placing this power in the prosecutor's

---

1. The Court notes that 18 U.S.C. § 3553(e) also places the sole discretion to determine whether a defendant has provided "substantial assistance" with the prosecutor. Where Congress has determined that such discretion properly rests with the United States Attorney's Office and not with the judiciary, this Court will not assume that responsibility simply because the Government agrees to exercise that discretion in the context of a plea agreement.

2. Given that the explicit terms of the agreement require the prosecutor to file a motion only *if* the United States Attorney's Office determines that Mr. Rexach has substantially cooperated, Mr. Rexach cannot claim that the prosecutor breached the explicit terms of the contract. Accordingly, this Court construes Mr. Rexach's

motion as a claim that the prosecutor breached an implied covenant of good faith. *See, Filner v. Shapiro*, 633 F.2d 139, 143 (2d Cir.1980) ("In every contract there is an implied covenant of good faith and fair dealing ...").

3. Indeed, the prosecutor has provided a sufficient basis for this Court to conclude that Mr. Rexach has not rendered "substantial assistance" to the Government, were it necessary for this Court to make that decision: the prosecutor states that Mr. Rexach failed to contact the prosecutor for substantial periods of time on two different occasions, that some of the information Mr. Rexach provided proved incorrect, and that Mr. Rexach did not provide the prosecutor with any information subsequent to his agreement.

hands violates due process and the principle of separation of powers, and that these sections are therefore unconstitutional. He asks this Court to disregard those provisions and sentence him below the statutory minimum and below the guidelines range.[4]

Mr. Rexach's argument has recently been addressed by a unanimous panel of the Eleventh Circuit. *United States v. Musser*, 856 F.2d 1484 (11th Cir.1988). In *Musser*, the Court rejected a due process and separation of powers challenge to 18 U.S.C. § 3553(e) on the ground that "it delegates to prosecutors unbridled discretion to decide who is entitled to a sentence reduction." The Court held that

> ... appellant's argument ignores Congress' plenary authority in all areas in which it has substantive legislative jurisdiction as long as exercise of that authority does not offend some other *constitutional* provision. Appellants certainly have no constitutional right to the availability of the "substantial assistance" provision, and hence no grounds upon which to challenge Congress' manner of enacting it.

*Id.*, at 1487. The same analysis is applicable here. Congress had no obligation to enact a "substantial assistance" exception, and no obligation to place the exclusive power to apply that exception in the judiciary. Prior to the enactment of this provision, the judiciary had no authority to sentence a defendant below the statutory minimum no matter how much assistance the defendant rendered to the prosecutor. Under this provision, the sentencing judge may sentence a defendant below the statutory minimum if the prosecutor so moves on the basis of the defendant's assistance. Thus, § 3553(e) does not limit but expands the sentencing judge's discretion. This congressional delegation of authority to control the availability of an option created by statute and without any origin in the Constitution is without doubt within Congress' plenary power.

Furthermore, under § 3553(e) the sentencing judge retains the final authority to impose sentence. The prosecutor's sole authority is to make a motion for a reduction in sentence; the determination as to whether such a reduction is appropriate remains with the judge.

### C. THE CONSTITUTIONALITY OF THE SENTENCING GUIDELINES

Since the filing of Mr. Rexach's motion, the Second Circuit has held that the sentencing guidelines do not violate the due process clause of the United States Constitution. *United States v. Vizcaino*, 870 F.2d 52 (2nd Cir.1989) (Oakes, C.J.). Accordingly, Mr. Rexach's motion to hold the guidelines unconstitutional is hereby denied.

SO ORDERED.

---

4. As an initial matter, the Court notes that the relief Mr. Rexach seeks is unavailable from this or any Court. Were the Court to find the challenged provisions unconstitutional and disregard them, there would no longer be any provision authorizing a Court to sentence a defendant to less than the statutory minimum on the basis of that defendant's substantial assistance to the Government. This Court would be bound by the laws enacted by Congress, and would not be empowered to grant to itself authority that Congress placed in the executive branch. Thus, the Court would no longer have any authority to sentence Mr. Rexach below the statutory minimum on the basis of his claimed substantial assistance to the Government.