**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eric Stephen LEWIS,**
**Defendant–Appellant.**

**No. 88–3030.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 19, 1989.

Decided Feb. 20, 1990.

Christian R. Larsen, Ann M. Kisting, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Michael E. McMorrow, Milwaukee, Wis., for defendant-appellant.

Before RIPPLE, MANION and KANNE, Circuit Judges.

MANION, Circuit Judge.

Eric Lewis pleaded guilty to one count of armed bank robbery, 18 U.S.C. § 2113(a), and one count of distributing cocaine, 21 U.S.C. § 841(a)(1). The district court sentenced Lewis on the bank robbery conviction under the federal sentencing guidelines. (Lewis' sentence on his cocaine distribution conviction is not at issue on this appeal.) In calculating Lewis' criminal history, the court assessed points against him for prior convictions for operating a motor vehicle while under the influence of alcohol (OWI). The court found that the applicable guideline range called for a prison sentence between 51 and 63 months.

Sentencing Guideline § 5K1.1 provides that upon the government's motion, a sentencing court may depart from the applicable guideline range in sentencing a defendant if the defendant has "made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense." Although Lewis had cooperated with state and federal authorities after his arrest, the government did not move the district court to depart from the guidelines. Consequently, the district court did not depart, and sentenced Lewis to 54 months imprisonment, a sentence within the applicable guideline range.

Lewis contends that § 5K1.1's requirement that the government file a motion before the sentencing court can depart from the guidelines because of a defendant's "substantial assistance" violates the Sentencing Commission's statutory mandate. 28 U.S.C. § 994(n) (Supp. V 1987) provides that

[t]he [Sentencing] Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by a statutory minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

According to Lewis, § 5K1.1 violates § 994(n)'s command because if the government does not make a motion, the district judge may not depart from the guidelines for substantial assistance. Thus, argues Lewis, § 5K1.1 does not assure that the trial court take a defendant's substantial assistance into account.

Section 994(n) does not specify exactly how the Sentencing Commission must take a defendant's substantial assistance into account in the guidelines. Instead, Congress has delegated broad authority to the Sentencing Commission to provide for recognizing substantial assistance in the guidelines. Since Congress left it to the Sentencing Commission to fill in the details, we must uphold § 5K1.1 unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Chevron v. Natural Resources Defense Council,* 467 U.S. 837, 844–45, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984); see also *United States v. White,* 869 F.2d 822, 827 (5th Cir.1989).

■ Section 5K1.1 reflects a reasonable interpretation of § 994(n)'s mandate. The government motion requirement is "predicated on the reasonable assumption that the government is in the best position to supply the court with an accurate report of the defendant's assistance...." *White,* 869 F.2d at 829; see also *United States v. Ayarza,* 874 F.2d 647, 653 (9th Cir.1989). And, contrary to Lewis' argument, § 994(n), on its face, does not require that the sentencing judge consider a defendant's substantial assistance in every case. Section 994(n) requires only that the *guidelines* recognize the "general appropriateness" of lowering a sentence for substantial assistance. It is possible for the guidelines to recognize that as a general principle it is appropriate to impose a lower sentence on a defendant who substantially assists the government while at the same time not absolutely requiring the district court to consider this factor in every case.

Moreover, when Congress enacted § 994(n), it also enacted parallel provisions granting district courts the express author-

ity to reduce sentences for defendants' substantial assistance. Both those provisions condition the court's exercise of that authority on a government motion. This, in itself, shows that it was reasonable for the Sentencing Commission to include the government motion requirement in § 5K1.1. Congress enacted what is now § 994(n) as § 1008(1) of the Anti–Drug Abuse Act of 1986, Pub.L. 99–570, 100 Stat. 3207-7. In § 1007 of the Anti–Drug Abuse Act, Congress also enacted what is now 18 U.S.C. § 3553(e) (Supp. V 1987), and in § 1009 Congress amended Fed.R.Crim.P. 35(b). See 100 Stat. 3207-7 to 3207-8. 18 U.S.C. § 3553(e) grants district courts the authority upon the government's motion to impose a sentence below a statutory minimum to reflect a defendant's substantial assistance. Section 3553(e) also provides that the court shall impose the lower sentence "in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to [18 U.S.C. § 994]." Similarly, the Anti–Drug Abuse Act amended Rule 35(b) to provide that a district court may lower a sentence to reflect a defendant's post-sentencing substantial assistance and that any sentence a district court so lowers shall be lowered "in accordance with the guidelines and policy statements...." See Pub.L. 99–570, § 1009, 100 Stat. 3207-8. Before its amendment, Rule 35(b) required a government motion before a district court could lower a sentence to reflect a defendant's substantial assistance; the 1986 amendment did not change that requirement. See Historical Note to 18 U.S.C.A. Rule 35 (West Supp.1989).

In § 3553(e) and Rule 35(b), Congress gave courts limited power to lower sentences to reflect a defendant's substantial assistance. See *United States v. Huerta*, 878 F.2d 89, 91 (2d Cir.1989). Since Congress conditioned the courts' power to lower sentences to reflect substantial assistance on the government's motion, it was not unreasonable for the Sentencing Commission to conclude that Congress intended for it to include a government motion requirement in any guideline it wrote providing for lower sentences to reflect substan-

tial assistance. This is especially so given that both § 3553(e) and Rule 35(b) require courts to impose lower sentences to reflect substantial assistance "in accordance with the guidelines and policy statements"; a statute empowering a court to impose a lower sentence only upon government motion but requiring the court to impose the sentence according to a guideline that did not require a government motion would not make much sense. In fact, given § 3553(e) and Rule 35(b), one could argue that the Sentencing Commission would have violated § 994(n) by *not* including a government motion requirement in § 5K1.1. At any rate, comparing § 994(n) with § 3553(e) and Rule 35(b) demonstrates at least that the Sentencing Commission reasonably interpreted § 994(n) in drafting § 5K1.1, and that § 5K1.1's government motion requirement thus does not violate § 994(n). See *Ayarza*, 874 F.2d at 653 n. 2.

Lewis also contends that § 5K1.1's government motion requirement violates his right to due process. Lewis presents three separate but related arguments. First, Lewis contends that the government motion requirement improperly restricts the sentencing judge's traditional discretion. Second, Lewis contends that the government motion requirement deprives him of his right to present accurate and reliable information to the trial court concerning his substantial assistance. Third, Lewis contends that the government motion requirement presents an unacceptable risk of prejudgment or bias because the prosecutor determines whether a court may consider departing from the guidelines because of a defendant's substantial assistance.

■ All of Lewis' attacks on § 5K1.1 are premised on the notion that a criminal defendant has a right to an individualized sentence, imposed by a judge, and based upon consideration and weighing of all arguably relevant factors. We rejected that notion in *United States v. Pinto*, 875 F.2d 143 (7th Cir.1989), where we held that a defendant has no right to an individualized sentence set by a judge. *Id.* at 145. Accord *United States v. Allen*, 873 F.2d 963,

966 (6th Cir.1989); *United States v. Britt-man*, 872 F.2d 827 (8th Cir.1989); *United States v. Vizcaino*, 870 F.2d 52, 53–57 (2d Cir.1989); *United States v. White*, 869 F.2d at 825; *United States v. Frank*, 864 F.2d 992, 1010 (3d Cir.1988). As we explained in *Pinto*, there is nothing "traditional" about judges exercising discretion to set individualized sentences. Indeed, "[j]udicial discretion comes late to our history." *Pinto*, 875 F.2d at 145. Congress has always had the power to control judicial sentencing discretion or even eliminate such discretion by fixing precise, rather than indeterminate, sentences. See *id.;* see also *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 650, 102 L.Ed.2d 714 (1989) ("the scope of judicial discretion with respect to a sentence is subject to congressional control").

Congress' power to control judicial sentencing discretion (a power Congress has delegated to the Sentencing Commission) carries with it the power to control what factors a court may consider in setting a sentence. Thus, Lewis has no constitutional right to any "substantial assistance" provision in the guidelines. See *United States v. Francois*, 889 F.2d 1341, 1344 (4th Cir. 1989); *United States v. Musser*, 856 F.2d 1484, 1487 (11th Cir.1988); *United States v. Rexach*, 713 F.Supp. 126, 129 (S.D.N.Y. 1989); see also *United States v. Huerta*, 878 F.2d at 94. Since Lewis has no right to have a court depart from the guidelines based on his substantial assistance, he cannot complain that § 5K1.1 deprives the court of the opportunity to so depart. See *Francois*, 889 F.2d at 1344; *Musser*, 856 F.2d at 1487; *Rexach*, 713 F.Supp. at 129.

That § 5K1.1 leaves it to the prosecutor to decide whether to move the district court to depart because of the defendant's substantial assistance raises no due process concern. As we have noted, it was rational for the Sentencing Commission to lodge this discretion in the prosecutor because the prosecutor knows best whether the defendant's assistance possibly merits a lower sentence. See *Ayarza*, 874 F.2d at 653; see also *Huerta*, 878 F.2d at 94. Moreover, the prosecutor has traditionally exercised power over a defendant's ultimate sentence through his exclusive and unquestioned authority over what charges to bring or whether even to charge a defendant at all. Cf. *Huerta*, 878 F.2d at 92. Finally, the prosecutor has strong incentives not to misuse his power to make a § 5K1.1 motion. See *id.* at 93, 94. The government has an interest in encouraging defendants to cooperate, and reasonable use of substantial assistance motions will encourage such cooperation. Additionally, where the prosecutor has promised to make a § 5K1.1 motion, and the defendant has relied on that promise, the defendant will have recourse in the court if the government breaks that promise. *Id.* We therefore join the other circuits that have concluded that the government motion requirements in § 5K1.1 and § 3553(e) do not violate due process. See *Francois*, 889 F.2d at 1344–45 (§ 5K1.1); *Huerta*, 878 F.2d at 93–94 (§ 5K1.1 and § 3553(e)); *Ayarza*, 874 F.2d at 653 (§ 5K1.1); *Musser*, 856 F.2d at 1487 (§ 3553(e)).[1]

Lewis finally contends that the district court misapplied the guidelines by assessing one point to his criminal history category for his first OWI conviction. Lewis argues that in Wisconsin no jail sentence is authorized for a first offense of OWI. Therefore, according to Lewis, guideline § 4A1.2(c) excludes this conviction from his criminal history category.

Lewis did not make the argument he makes now in the district court. Therefore, he has waived it for appeal. See *United States v. Turner*, 864 F.2d 1394, 1399 (7th Cir.1989). In any event, his argument is meritless. Section 4A1.2(c)(1) provides:

---

1. In his opening brief, Lewis did not argue that the district court could depart from the guidelines for substantial assistance absent a government motion. Although the government cited cases that suggested such departures might sometimes be proper, e.g., *United States v. Justice*, 877 F.2d 664 (8th Cir.1989), the government did not ask us to decide that issue definitively, and we do not. We note, however, that our holdings that § 5K1.1 is consistent with § 994(n) and does not violate due process in no way depend on the guidelines allowing substantial assistance departures absent a government motion.

(1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted [in a defendant's criminal history category] only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days ...:

Contempt of court

Disorderly conduct or disturbing the peace

Driving without a license or with a revoked or suspended license

False information to a police officer

Fish and game violations

Gambling

Hindering or failure to obey a police officer

Leaving the scene of an accident

Local ordinance violations

Non-support

Prostitution

Resisting arrest

Trespassing

Section 4A1.2(c)(1)'s list does not include operating a motor vehicle while intoxicated, nor is OWI by any stretch of the imagination "similar to" any of the offenses in the list. Therefore, § 4A1.2(c)(1)'s minimum sentence requirement does not apply to Lewis' first OWI conviction. This result reflects the Sentencing Commission's reasonable conclusion that even misdemeanor convictions for driving while intoxicated are serious enough that they should always count against a defendant's criminal history, no matter how light the sentence imposed. See Application Note 5 to § 4A1.2. The district court did not err by assessing a criminal history point against Lewis for his first OWI conviction.

For the above reasons, we affirm Lewis' sentence.

AFFIRMED.