**UNITED STATES of America, Plaintiff,**

**v.**

**Robert EGAN, Defendant.**

**No. 89 CR 791.**

United States District Court,
N.D. Illinois, E.D.

Aug. 20, 1990.

---

Ira H. Raphaelson, U.S. Atty., Colleen D. Coughlin, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

John F. Murphy, Federal Defender Program, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

Defendant has pled guilty to bank robbery and awaits sentencing. Pending is his motion for a downward departure from the guideline range in recognition of substantial assistance provided to the State of Illinois in the prosecution of two individuals. The government opposes such a departure.

§ 5K1.1 of the Sentencing Guidelines [1] allows the Court to depart on the ground that defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, but allows the Court to do so only upon a motion by the government. Defendant raises two arguments in support of a downward departure based on substantial assistance provided to the government. First, he argues that § 5K1.1 violates a defendant's

right to procedural due process at sentencing. Second, he argues that the government's refusal to make a § 5K1.1 motion in this case violates due process.

■ The Court cannot agree that § 5K1.1 on its face violates defendant's right to procedural due process. Defendant argues that he has a right to contest the facts relied upon at sentencing, and that the denial of liberty which accompanies sentencing requires certain procedural protections, including the right to bring evidence concerning cooperation before the Court for the Court's full consideration. This argument has been accepted by some courts. *See United States v. Curran,* 724 F.Supp. 1239 (C.D.Ill.1989); *United States v. Roberts,* 726 F.Supp. 1359 (D.D.C.1989). If this Court were writing on a clean slate, it would tend to be sympathetic with defendant's argument. However, the Court is constrained to follow the principles enunciated in *United States v. Lewis,* 896 F.2d 246 (7th Cir.1990). *Lewis* held (1) that § 5K1.1 did not violate the Sentencing Commission's statutory mandate; (2) that the requirement of a government motion does not improperly restrict the sentencing judge's discretion; (3) that the government motion requirement does not deprive a defendant of his right to present accurate and reliable information to the court concerning substantial assistance; and (4) that the government motion requirement does not present an unacceptable risk of prejudgment or bias based on prosecutorial discretion. The court of appeals stated that the latter three arguments all rested on the erroneous notion that a "defendant has a right to an individualized sentence, imposed by a judge, and based upon consideration and weighing of all arguably relevant factors." 896 F.2d at 248. The court concluded that § 5K1.1 does "not violate due process."

Defendant recognizes these holdings from *Lewis* but argues that *Lewis* does not address his argument that § 5K1.1 violates his right to procedural due process at sen-

1. Section 5K1.1 of the Sentencing Guidelines (before a recent amendment which does not apply to this case) provided: "Upon motion of the government stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

tencing. Although *Lewis* does not address such an argument in name, the reasoning of the opinion forecloses that argument. Defendant's procedural due process argument flies squarely in the face of *Lewis*'s assertion that a defendant does not have a right to an individualized sentence which is imposed by a court after consideration of all relevant factors. Accordingly, the Court rejects defendant's argument that § 5K1.1 violates his right to procedural due process.

■ This leaves defendant's second argument—that the government's refusal to make a motion in this case deprives him of due process. Essentially, defendant argues that the Court should make a downward departure based on a good faith effort to provide substantial assistance, notwithstanding the government's failure to make a motion.

A number of courts have stated, as a general rule, that a court may not depart on the ground of substantial assistance without a government motion. *See, e.g., United States v. French,* 900 F.2d 1300, 1302 (8th Cir.1990); *United States v. Chavez,* 902 F.2d 259 (4th Cir.1990); *United States v. Ortez,* 902 F.2d 61 (D.C.Cir.1990); *United States v. Alamin,* 895 F.2d 1335, 1337 (11th Cir.1990); *United States v. Huerta,* 878 F.2d 89, 91 (2d Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990). In *Lewis,* the Seventh Circuit expressly left open the question of whether there are circumstances in which the sentencing court may depart from the guidelines in consideration of a defendant's

substantial assistance absent a government motion. 896 F.2d at 249 n. 1.[2] In *United States v. Donatiu,* 720 F.Supp. 619 (N.D. Ill.1989), this Court set forth its framework for determining when downward departures for substantial assistance may be made in the absence of a government motion. The Court noted that in certain circumstances, there may be a remedy for the government's refusal to make a § 5K1.1 motion. Although the Court did not decide whether it agreed with other courts which had recognized these remedies, it discussed the "rare" circumstances where such remedies may be available. 720 F.Supp. at 625–27. The Court summarized *United States v. White,* 869 F.2d 822, 829 (5th Cir.1989), as recognizing that "where the government refuses to file a § 5K1.1 [motion] despite indisputable evidence of substantial assistance on the part of the defendant, the defendant may bring the government's bad faith to the court's attention." 720 F.Supp. at 625. The Court also noted that in *United States v. Justice,* 877 F.2d 664, 668–69 (8th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989),[3] the court was inclined to find that a motion by the government may not be a prerequisite to a downward departure for substantial assistance.[4] *See also United States v. La Guardia,* 902 F.2d 1010 (1st Cir.1990) ("Perhaps in an egregious case—a case where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for mean-

**2.** In *United States v. Brick,* 905 F.2d 1092, 1098 (7th Cir.1990), the court stated that "[t]here are no exceptions to the motion requirement." However, the court did not make note of its passage in *Lewis* leaving unresolved the question of whether departures might sometimes be proper without a motion, and it did not address any of the particular circumstances which other courts have suggested as warranting such departures absent a government motion.

**3.** The Eighth Circuit agrees with the general rule that a downward departure for substantial assistance may not be made in the absence of a government motion, but warns that "a 5K1.1 motion may not be necessary if the government's refusal to make such a motion violated the defendant's right to due process." *United*

States v. Dobynes, 905 F.2d 1192, 1197 n. 5 (8th Cir.1990).

**4.** *Donatiu* also recognized other circumstances where a departure may be justified in the absence of a government motion. Where the government has, in bad faith, failed to fulfill a promise to move for a departure, specific enforcement of the promise may be appropriate. Furthermore, where the government describes in detail the nature, extent and effectiveness of a defendant's assistance, the government's presentation may be treated as a § 5K1.1 motion. 720 F.Supp. at 627. *See also United States v. Coleman,* 895 F.2d 501, 505 (8th Cir.1990); *United States v. Rexach,* 713 F.Supp. 126 (S.D.N.Y. 1989).

ingful relief—the court would be justified in taking some corrective action.").

Defendant argues that this case is among the rare circumstances where a departure is warranted in the absence of a government motion because the government's refusal to make a § 5K1.1 motion is "arbitrary" in light of the facts surrounding his cooperation with the government. The government appears to concede that the Court may inquire into this issue and consider the nature of the assistance provided by defendant for the purpose of determining whether the government's failure to move is arbitrary.[5]

The Court thus turns to the nature of the assistance provided by defendant. In April, 1981, defendant was arrested for his participation in a contract murder committed on February 17, 1981, with Harold Bean and Robert Byron. On the date of his arrest, defendant confessed to his involvement in the crime and detailed the activities of Bean and Byron. Defendant testified in the joint trial of Bean and Byron on September 29 and 30, 1981. Bean and Byron were both convicted of murder. Defendant pled guilty on February 19, 1982 to armed violence, and on the same day he was sentenced to seven years incarceration.

In October, 1985, Bean's conviction was overturned by the Illinois Supreme Court. *People v. Bean*, 109 Ill.2d 80, 92 Ill.Dec. 538, 485 N.E.2d 349 (1985). Pursuant to the state's request, defendant voluntarily testified during the re-trial of Bean, which took place in February, 1987. Bean was again convicted. In February, 1987, Byron's conviction was overturned by the Illinois Supreme Court. *People v. Byron*, 116 Ill.2d 81, 107 Ill.Dec. 192, 506 N.E.2d 1247

(1987). Again, pursuant to the state's request, defendant testified during the January, 1990 re-trial of Byron. Byron was convicted for the second time. During the re-trial of Byron, defendant was in custody on the bank robbery charge which underlies the current sentencing.

The government maintains that its refusal to make a § 5K1.1 motion is not arbitrary because defendant already received the benefit of his assistance in the prosecutions of Bean and Byron when he was sentenced to only seven years for his participation in that offense. Defendant argues that the re-trials occurred after he had already received the benefit of his assistance in the first trials, and that his testimony in the re-trials was not a contemplated element of the cooperation for which he received a reduced sentence from the state court. The government replies that defendant's testimony in the re-trials could have been obtained by subpoena if it had not been given voluntarily.

Resolution of this issue turns on the factual question of what, if anything, defendant agreed to do when he pled guilty in state court. If he agreed to cooperate in the future with respect to the prosecutions of Bean and Byron, then he has already received, in the form of the state sentence, the benefit of his cooperation. However, if he made no such agreement—if the plea proceeding merely reflected his past cooperation but did not contemplate future cooperation, then a strong argument could be made that he has not yet received any benefit for the cooperation he provided subsequent to his guilty plea in state court.

In an attempt to resolve this factual issue, this Court held an evidentiary hearing

---

**5.** In its original response to defendant's motion for a downward departure, the government discussed the circumstances surrounding defendant's assistance and the government's decision not to make a § 5K1.1 motion. The government also stated that nothing precludes the defendant from presenting to the Court the full details of his cooperation, and urged the Court to consider the mitigating nature of this cooperation in determining an appropriate sentence. Finally, the government relied on *Lewis* to argue that § 5K1.1 is constitutional. The Court requested a supplemental brief from the govern-

ment, noting a possible inconsistency between the government's position that § 5K1.1 is constitutional and its position that the Court may fully consider the assistance provided by defendant. In its supplemental brief, the government continued to rely on the facts surrounding defendant's assistance in order to show that the government's failure to move under § 5K1.1 was not arbitrary, and it did not take the position that § 5K1.1 precluded such an inquiry. It thus appears that the government agrees that such an inquiry is appropriate.

on August 7, 1990, concerning the nature of the plea agreement in state court. Although the evidence at that hearing shed further light on the state court proceedings and the nature of defendant's cooperation, it did not elucidate the nature of the plea agreement itself.

Assuming for the purposes of this case that the government's refusal to make a § 5K1.1 motion would be arbitrary if defendant has not already received the benefit of his cooperation with the government, the Court must nonetheless deny defendant's request for a downward departure. Generally, under the Sentencing Guidelines, the government bears the burden of proof in disputes which would result in sentence enhancement, while the defendant bears the burden of proof in disputes which would result in sentence reduction. *See United States v. Kirk*, 894 F.2d 1162, 1164 (10th Cir.1990); *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir.1989); *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir.1989); *United States v. Urrego–Linares*, 879 F.2d 1234, 1239 (4th Cir. 1989). In light of this general principle, as well as the language of § 5K1.1 and the rarity of the circumstances under which a downward departure for substantial assistance may be granted without a government motion, the Court finds that the burden must lie with the defendant in this case to show that a departure under § 5K1.1 is justified in the absence of a government motion. Defendant has not shown that his testimony in the re-trials was not part of a promise of ongoing cooperation that he made as part of his state court plea agreement. This is particularly true in light of the extraordinary benefit defendant received pursuant to that plea agreement— even though he was the driver of the car used in the crime and shared in the proceeds, he received a sentence of only seven years rather than a possible term of life imprisonment. Defendant's motion for a downward departure for substantial assistance is therefore denied because he has failed to satisfy his burden of showing that the government's failure to make a § 5K1.1 motion is arbitrary.