932 F.2d 971
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Farrell L. CARROLL, Defendant-Appellant,
 No. 90-1358.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 1, 1991.*
Decided May 13, 1991.
 
 Before WOOD, Jr., COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 On September 7, 1988, defendant-appellant, Farrell L. Carroll and his co-defendant, John D. Wilson entered the Equitable Savings and Loan Association in Brookfield, Wisconsin for the purpose of robbing the same. Carroll was armed with a .25 calibre automatic firearm and Wilson was carrying a .22 calibre revolver. Wilson approached a teller and demanded that the teller give him the money located in the cash drawer. Carroll stood watch at the door, while Wilson had the conversation with the teller. The teller removed the money from his cash drawer and gave it to Wilson. Wilson and Carroll then left the savings and loan association with just over $1,100.00 in United States currency.
 
 
 2
 Carroll entered a plea of guilty to one count of armed robbery of a federally-insured savings and loan in violation of 18 U.S.C. Secs. 2113(a) and (d) and one count of using or carrying a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c). Carroll was sentenced pursuant to the United States Sentencing Commission Guidelines to a twenty-two month sentence on Count I to run consecutively with the five-year mandatory sentence on Count II. Carroll argued for a downward departure from the applicable guideline range in the district court alleging that certain factors weighed in favor of the departure. Specifically, Carroll argued that the following factors warranted a downward departure: (1) his status as an eighteen years old high school student at the time of the offense; (2) the fact that his co-defendant was older than Carroll; (3) the fact that Carroll's participation was limited to guarding the doorway of the savings and loan; (4) the fact that Carroll did not have a juvenile or adult criminal record at the time of the offense; and, (5) the fact that he faced a mandatory five-year sentence on the weapon offense. The district court refused to depart from the Guidelines. This appeal followed.
 
 
 3
 In his first two issues on appeal, Carroll alleges error in the district judge's decision not to depart from the applicable guideline range. Essentially, Carroll argues that the district court failed to consider the above-enumerated factors in making its decision not to depart. Carroll asserts that if those factors were considered, and in particular, if their cumulative effect was considered, then a departure from the applicable guideline range was warranted in this instance. Thus, Carroll argues that it was error for the district judge not to depart. In United States v. Franz, 886 F.2d 973, 978 (7th Cir.1989), this court concluded that we are without jurisdiction to review the defendant's sentence where the sole challenge to the same was an allegation of error associated with the district judge's refusal to depart from the Guidelines. In his first two issue on appeal, Carroll presents just such a challenge to the refusal of the district judge to depart from the Guidelines. We are without jurisdiction to consider those issues on appeal. We must, therefore, dismiss them for want of jurisdiction.
 
 
 4
 In his third issue on appeal, Carroll challenges the one-level enhancement he received pursuant to Sec. 2B3.1(b)(1), because the robbery occurred at a financial institution. At sentencing, the district judge expressed his concern that the enhancement provision was underinclusive in that it applied only to the robbery of a financial institution or a post office. On appeal, Carroll's brief quotes the concerns expressed by the trial judge at the sentencing hearing without expanding the argument or providing any authority in support of the position. We need not consider the issue, however, because Carroll did not make the argument he is now making in the district court. Therefore, he has waived the issue for purposes of appeal. United States v. Lewis, 896 F.2d 246, 249 (7th Cir.1990).
 
 
 5
 For all of the foregoing reasons, the defendant's appeal is hereby DISMISSED for lack of jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record