935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Ramon AUSTIN, Defendant/Appellant.
 No. 90-3286.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 13, 1991.*
Decided June 19, 1991.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Mr. Austin pleaded guilty to one count of conspiracy to commit theft of an interstate good and to sell goods moving in interstate commerce, in violation of 18 U.S.C. Sec. 371, for the theft of three "hot tubs". As part of Mr. Austin's arrangement to plead guilty, he agreed to assist the government in its effort to apprehend his co-conspirators; the government in turn agreed to drop two other charges in connection with the sale of the stolen hot tubs and to recommend the shortest sentence required by the Sentencing Guidelines. The written plea agreement did not include a promise by the government to seek a downward departure under Sec. 5K1.1 of the Guidelines for substantial assistance to the government. After the district court denied Mr. Austin's motion for a downward departure from the Sentencing Guidelines, he was sentenced to 18 months imprisonment and 3 years of supervised release pursuant to the Sentencing Guidelines. Mr. Austin appeals the district court's refusal to depart downward from the sentence mandated by the Sentencing Guidelines.
 
 
 2
 In this appeal we revisit an issue that this court has addressed on a number of occasions recently--whether the Sentencing Guidelines' requirement that a district court consider a 5K1.1 downward departure only upon a motion from the government, see United States v. Brick, 905 F.2d 1092, 1098 (7th Cir.1990), violates a defendant's due process rights. We have concluded that such a requirement does not violate the due process clause of the fifth amendment. United States v. Bayles, 923 F.2d 70, 71 (7th Cir.1991); United States v. Donatiu, 922 F.2d 1331, 1333 (7th Cir.1991); United States v. Valencia, 913 F.2d 378, 386 (7th Cir.1990); United States v. Lewis, 896 F.2d 246, 249 (7th Cir.1990). While the appellant claims that the prosecution's failure to submit a 5K1.1 motion to the district court resulted in a sentence that failed to consider all the evidence regarding his "substantial assistance" to the prosecution, this court has concluded that the district court may only consider such evidence upon the motion of the government.[1] Id. See also, Brick, 905 F.2d at 1098.
 
 
 3
 In the case at hand, the district court noted that Mr. Austin conceded that the government had not made a 5K1.1 motion at the time he requested a downward departure. (R. 40 p. 1). Further, the government did not subsequently move for a 5K1.1 downward departure. The district court therefore correctly declined to depart downward, concluding that its ability to depart downward from a guideline range prescribed by the Sentencing Guidelines is conditioned on the government's filing a motion requesting such a departure. (R. 40 p. 2).
 
 
 4
 Because we have determined that the district court properly identified and resolved the issue before us, we AFFIRM for the reasons stated above.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 There remains an unsettled question as to the scope of any possible review of the government's decision not to move for a 5K1.1 downward departure. However, while the appellant alludes to "the arbitrary nature" of the government's decision not to move, he does not make any specific argument that the government's failure to submit a 5K1.1 motion was the result of any improper motive. In fact, he offers no support to this broad allegation that the government's refusal to move was of an "arbitrary nature." App. Brief at 10. Therefore, we need not reach the issue in our review of this case