962 F.2d 11
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee
v.
Jerome HARDENE, Defendant/Appellant.
 No. 91-1393.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 23, 1992.
Decided April 30, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judge.
 
 ORDER
 
 1
 Defendant Jerome Hardene pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 and was sentenced to 46 months in prison. On appeal, he challenges his sentence. Hardene's sole argument is that the quantity of drugs used to determine his guideline base offense level was not supported by the evidence. We reject this argument and affirm.
 
 BACKGROUND
 
 2
 On September 18, 1990, a week after his trial had begun, Hardene pled guilty to conspiracy to distribute cocaine. Prior to entering his plea, he signed a stipulation of facts stating that the relevant conduct involved 400 but less than 500 grams of cocaine. The district court informed Hardene that based on the stipulation, his base offense level was 22 and the minimum sentence was 51 months. After fully informing Hardene of his rights and determining that he understood the nature of the plea agreement, the district court accepted his plea. On February 8, 1991, Hardene was sentenced to 46 months in prison.[1]
 
 
 3
 Hardene challenges the validity of the stipulation. He claims that based on the trial testimony he could only be charged with 200 grams of cocaine and therefore his offense level should have been 18.
 
 ANALYSIS
 
 4
 As an initial matter, we must determine whether Hardene objected to his signed stipulation in the district court. The government contends that he did not. Failure to object to the stipulation constitutes a waiver of the issue on appeal. United States v. Lewis, 896 F.2d 246 (7th Cir.1990).
 
 
 5
 A careful review of the record reveals that Hardene did not, as he claims, object at either the September 18, 1990 guilty plea hearing or the November 9, 1990 hearing. However, he did object at the February 8, 1991 sentencing hearing during the following colloquy with his newly appointed counsel:
 
 
 6
 DEFENSE COUNSEL; ... Jerome, the 400 to 500 grams I think you said you signed?
 
 
 7
 DEFENDANT; 400 but less than 500, yes.
 
 
 8
 DEFENSE COUNSEL: Did you actually do that or you still say that you did that or you didn't do that?
 
 
 9
 DEFENDANT: No, I didn't, that's when they put the piece of paper in front of my face, that's like no, I haven't done this, that's why I showed that rebuttal.
 
 
 10
 Later in the hearing, when discussing his pre-sentence investigation report, Hardene stated that he was coerced into signing the stipulation. These statements are adequate to preserve the issue on appeal.
 
 
 11
 However, Hardene's challenge to the validity of the stipulation fails. Stipulations will not be disregarded or set aside at will. Graefenhain v. Pabst Brewing Co., 870 F.2d 1198, 1206 (7th Cir.1989). Hardene may be relieved of his stipulation if it works a manifest injustice or if there is substantial evidence contrary to the stipulation. Id. at 1206.
 
 
 12
 During the September 17, 1990 change of plea hearing, the district court took great pains to ensure that Hardene understood the effect of the stipulation and that he entered into it knowingly and voluntarily. The following colloquy took place at that time:
 
 
 13
 THE COURT: And this is true? Are the statements contained in the stipulation of facts true, Mr. Hardene?
 
 
 14
 THE DEFENDANT: Your honor, if I agree to this and this isn't what is is, saying I sold this to her between 400 and 500 grams and it's not that?
 
 
 15
 THE COURT: If you did not sell her that, I don't want you to agree to it. If this isn't true, I don't want you to agree to it.
 
 
 16
 THE DEFENDANT: I am going to have to take my chances and fight this out. I am not agreeing to this at this point.
 
 
 17
 THE COURT: Fine.
 
 
 18
 DEFENSE COUNSEL: I think we can clarify this in just a minute.
 
 
 19
 (whereupon a short recess was taken)
 
 
 20
 THE COURT: All right, we have had a short recess. What do you say, Mr. Hardene?
 
 
 21
 THE DEFENDANT: Okay, whatever, yes, yes yes.
 
 
 22
 THE COURT: Are the statements contained in the document entitled stipulation of facts true?
 
 
 23
 THE DEFENDANT: Yes.
 
 THE COURT: This is your signature:
 
 24
 THE DEFENDANT: Yes.
 
 
 25
 THE COURT: And this is what you're pleading guilty to?
 
 
 26
 THE DEFENDANT: Yes.
 
 
 27
 THE COURT: In all probability, you're going to wind up being sentenced to the penitentiary to what was it, 51 months. I want to be sure you understand what's going to happen. I don't want you coming back, and that's really what counts, I mean all this other stuff, the bottom line is 51 months. That's what I want to be sure, and the three years supervised release. Do you understand that?
 
 
 28
 THE DEFENDANT: Uh-huh.
 
 
 29
 THE COURT: Yes or no?
 
 
 30
 THE DEFENDANT: Yes.
 
 
 31
 Although Hardene initially refused to agree to the quantity of drugs in the stipulation, after conferring with his attorney during the recess he agreed to the truth of the statements contained in the stipulation. After his initial reluctance, Hardene indisputably agreed to the truth of the stipulation when he entered his plea. He does not explain why he agreed to the stipulation if it was inaccurate.
 
 
 32
 His only argument is that there is evidence contrary to the stipulation. He argues that before he entered his plea, the evidence adduced during trial linked him to at most, 200 grams of cocaine. This argument is disingenuous; it ignores the fact that because he changed his plea, the government did not put on all of its evidence.
 
 
 33
 We find no extraordinary circumstances or excuse of any kind. The district court properly relied on the stipulation in determining the guideline base offense level.
 
 CONCLUSION
 
 34
 For the foregoing reasons, the decision of the district court sentencing Hardene to 46 months incarceration is
 
 
 35
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs and records
 
 
 [1]
 At sentencing, the judge noted that the minimum sentence was 46 months and not 51 months as he had earlier stated