28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos A. JIMENEZ, a/k/a Alberto Jimenez, Defendant-Appellant.
 No. 93-2451.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 22, 1994.*
Decided July 7, 1994.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, District Judge.**
 
 ORDER
 
 2
 Carlos Jimenez was convicted of possession with intent to distribute cocaine and conspiracy pursuant to 21 U.S.C. Secs. 841 and 846. The district court sentenced him to a term of imprisonment of 135 months on each count. Jimenez now claims that the district court should not have considered his prior state conviction for driving under the influence ("DUI") in calculating his criminal history points under the Sentencing Guidelines. Because of the additional point he received for this conviction, Jimenez was placed in Criminal History category II instead of category I. We affirm.
 
 
 3
 Under the Sentencing Guidelines, a defendant is given criminal history points for each "sentence previously imposed upon adjudication of guilt ... for conduct not part of the instant offense." U.S.S.G. Sec. 4A1.2(a)(1). According to the presentence investigation report ("PSI"), Jimenez was found guilty of a DUI charge in the State of Florida in March 1990; he was fined $819 and ordered to perform community service. Florida records indicate that Jimenez pleaded nolo contendere and was fined $500. It is undisputed that Jimenez entered a plea of nolo contendere to the DUI charge. Yet, because the state record merely notes that the case was adjudicated, Jimenez argues that it is unclear whether the adjudication was one of guilt as required under U.S.S.G. Sec. 4A1.2(a)(1). Section 4A1.2(a)(1), however, defines the term "prior sentence" to include a sentence imposed upon adjudication of guilt via a plea of nolo contendere. Jimenez does not suggest that he withdrew his plea. Nor does he explain why the state court would have fined him other than to punish him for the charged offense. Accordingly, the district court properly included the DUI offense in Jimenez' criminal history calculation.
 
 
 4
 Jimenez also claims that the DUI charge should have been excluded from his criminal history because it was a misdemeanor offense for which he was never imprisoned or placed on probation. Under U.S.S.G. Sec. 4A1.2(c)(1), certain misdemeanor offenses are counted only if the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days. The issue is waived, however, because Jimenez failed to raise it before the district court. See United States v. Moore, 991 F.2d 409, 413 (7th Cir.1993). Moreover, he does not establish plain error. Not only is driving while intoxicated not one of the potentially excludable offenses listed under the guideline, but the commentary specifically states that sentences for such convictions should be counted. U.S.S.G. Sec. 4A1.2, comment. (n. 5); Stinson v. United States, 113 S.Ct. 1913, 1918 (1993) (commentary binding unless inconsistent with Guidelines); see also United States v. Lewis, 896 F.2d 246, 249-50 (7th Cir.1990) (dictum) (Sec. 4A1.2(c)(1)'s minimum sentence requirement does not apply to convictions for operating a vehicle while intoxicated).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 **
 The Honorable Robert A. Grant, District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation