28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul GUTIERREZ, Defendant-Appellant.
 No. 94-1007.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 22, 1994.*
Decided July 7, 1994.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, District Judge.**
 
 ORDER
 
 2
 On September 8, 1993, Raul E. Gutierrez was charged in a two count indictment with conspiracy to possess marijuana with the intent to distribute in violation of Title 21, United States Code, Sections 846 and 841(a)(1) (Count I) and with traveling in interstate commerce to promote a business enterprise involving marijuana in violation of Title 18, United States Code, Section 1952 (Count II). On October 13, 1993, Guteirrez entered a guilty plea. Under the terms of the plea agreement, the government agreed to dismiss Count II of the indictment in exchange for Gutierrez's guilty plea on Count I and
 
 
 3
 To the extent that the government determines that the defendant's cooperation in this matter constitutes substantial assistance as that term is used in section 5K1.1 of the Sentencing Guidelines, the government will make an appropriate motion for a downward departure from the defendant's Sentencing Guideline Range....
 
 
 4
 At sentencing, the government did not make a motion for a downward departure, informing the Court that while the defendant had been "cooperative" and "tried to provide information," he did not possess information sufficient to constitute substantial assistance. (Tr. at 30). Gutierrez appeals his sentence, arguing that the prosecutor acted in bad faith by failing to move for a downward departure pursuant to U.S.S.G. Sec. 5K1.1. We affirm.
 
 
 5
 Our review of a prosecutor's decision not to move for a downward departure under U.S.S.G. Sec. 5K1.1[1] is extremely circumscribed. Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992); United States v. Egan, 966 F.2d 328, 332 (7th Cir.1992), cert. denied, 113 S.Ct. 1021 (1993). Section 5K1.1 gives the government the power, but not the duty, to move for a downward departure for substantial assistance. Wade, 112 S.Ct. at 1840. An appellant's claim that he supplied substantial assistance, by itself, is inadequate to merit relief. Wade, 112 S.Ct. at 1844; United States v. Mkhsian, 5 F.3d 1306, 1314 (9th Cir.1993). Rather, a prosecutor's refusal to make such a motion is subject to review only when the defendant makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive such as race or religion or that it is not rationally related to a legitimate government end. Id.; Mkhsian, 5 F.3d at 1314; Egan, 966 F.2d at 332. "The government's decision not to move may [be] based ... on its rational assessment of the cost and benefit that would flow from moving [for a 5K1.1 departure]." Wade, 112 S.Ct. at 1844.
 
 
 6
 In this case, appellant does not allege (nor does the record manifest) that the prosecutor refused to move for a downward departure based upon an unconstitutional motive. Instead, appellant contends[2] that downward departures under Sec. 5K1.1 benefit more culpable, higher level defendants who may supply information which the prosecutor needs and penalizes less culpable, lower level defendants who may wish to cooperate yet lack information which the prosecutor desires. Appellant argues that such a system is irrational, violates due process and serves no legitimate government end.
 
 
 7
 Contrary to appellant's assertion, Sec. 5K1.1 motions in cases where defendants possess information of interest to the prosecutor serve the critical and rational goal of detecting and prosecuting criminals. See, e.g., United States v. Brigham, 977 F.2d 317, 318 (7th Cir.1992) ("Discounts for [higher level defendants] have the virtue of necessity because rewards for assistance are essential to the business of detecting and punishing crime"). The record in this case reflects that the prosecutor's decision not to move for a downward departure was "based ... on [the] rational assessment of the cost and benefit that would flow from moving [for a 5K1.1 departure]." As the prosecutor explained to the Court, the appellant simply lacked information of value justifying a motion for a downward departure. The determination of the value of assistance provided by a defendant is a matter of prosecutorial discretion, Id. at 320, and "a prosecutor need not prove to the Court the propriety of that choice." United States v. Smith, 953 F.2d 1060, 1065 (7th Cir.1992). Nor does such a system penalize less culpable defendants because the prosecutor's election not to move for a downward departure "does nothing except expose the defendant to the punishment which the Sentencing Commission thought appropriate for his offense and criminal history level." Id.; see also Romsey, 975 F.2d at 558.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 **
 The Honorable Robert A. Grant, District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 In pertinent part, U.S.S.G. Sec. 5K1.1 provides:
 Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
 
 
 [2]
 Citing United States v. Conner, 930 F.2d 1073 (4th Cir.), cert. denied, 112 S.Ct. 420 (1991), appellant also claims that the government breached the plea agreement by failing to move for a downward departure. Unlike the plea agreement in Conner where the government "agree[d] to inform the court concerning the extent of Mr. Conner's substantial assistance," Conner, 930 F.2d at 1074, this "carefully worded plea agreement preserved the government's discretion not to move for a downward departure." United States v. Romsey, 975 F.2d 556, 558 (8th Cir.1992); see also, United States v. Wallace, 94 WL 143762 (4th Cir.1994) (Plea agreement imposed no binding obligation upon the government to make 5K1.1 motion)